UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN TAYLOR, an individual,

        Plaintiff,                   Case No. 25-13428
                                    Hon. Terrence G. Berg

v

BOLLINGER INNOVATIONS, INC.
f/k/a MULLEN AUTOMOTIVE, INC.,
a Delaware corporation, and DAVID
MICHERY, an individual,

        Defendants.

| | |
|---|---|
| CRONKHITE COUNSEL PLLC | STARR BUTLER, PLLC |
| R.J. Cronkhite (P78374) | Joseph A. Starr (P47253) |
| Christopher A. Chesney (P80969) | Mary S. Rabban (P85429) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 36800 Woodward Ave., Ste. 310 | 20700 Civic Center Dr., Ste. 290 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 309-8602 | (248) 554-2700 |
| rj@cronkhitelaw.com | jstarr@starrbutler.com |
| chris@cronkhitelaw.com | mrabban@starrbutler.com |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND AND AFFIRMATIVE DEFENSES

Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc. and David Michery ("Defendants") by and through their attorneys, Starr Butler, PLLC, state as follows for their Answer to Plaintiff John Taylor's ("Plaintiff") Complaint:

## NATURE OF THE DISPUTE

1.    In response to Paragraph 1 of Plaintiff's Complaint, Defendants only

admit that Mullen is a leading American automotive and electric vehicle manufacturer, Michery is Mullen's CEO and member of its board of directors, and Plaintiff is a former Mullen employee. As to the remaining allegations, Defendants deny for the reason that said allegations are untrue.

## PARTIES

2.      In response to Paragraph 2 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

4.      In response to Paragraph 4 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

5.      In response to Paragraph 5 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the allegations contained therein constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

## JURISDICTION AND VENUE

6.      In response to Paragraph 6 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations

constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

7.     In response to Paragraph 7 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

8.     In response to Paragraph 8 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

9.     In response to Paragraph 9 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

10.     In response to Paragraph 10 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

11.     In response to Paragraph 11 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said

allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

## **GENERAL ALLEGATIONS**

12.    In response to Paragraph 12 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that these allegations are too vague and indefinite as to permit a response.

13.    In response to Paragraph 13 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

14.    In response to Paragraph 14 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

15.    In response to Paragraph 15 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

16.    In response to Paragraph 16 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that

Defendants are without knowledge of information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

17.     In response to Paragraph 17 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

18.     In response to Paragraph 18 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

19.     In response to Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

20.     In response to Paragraph 20 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

21.     In response to Paragraph 21 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

22.     In response to Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

23.     In response to Paragraph 23 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

24.     In response to Paragraph 24 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

25.     In response to Paragraph 25 of Plaintiff's Complaint, Defendants deny that Plaintiff was illegally terminated for the reason that said allegation is untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

26.     In response to Paragraph 26 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

27.     In response to Paragraph 27 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

28.     In response to Paragraph 28 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

29.     In response to Paragraph 29 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

30.     In response to Paragraph 30 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

32.    In response to Paragraph 32 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

33.    In response to Paragraph 33 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

34.    In response to Paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

35.    In response to Paragraph 35 of Plaintiff's Complaint, Defendants deny that Michery made any misrepresentations for the reason that said allegations are untrue. As to the remaining allegations, including what was discussed at the alleged meetings, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

36.    In response to Paragraph 36 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

37.    In response to Paragraph 37 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

38.    In response to Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

39.    In response to Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

40.    In response to Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

41.    In response to Paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

42.    In response to Paragraph 42 of Plaintiff's Complaint, to the extent Plaintiff claims any wrongdoing by Defendants, Defendants deny for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

43.    In response to Paragraph 43 of Plaintiff's Complaint, to the extent Plaintiff claims any wrongdoing by Defendants, Defendants deny for the reason that

said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

44.    In response to Paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

45.    In response to Paragraph 45 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

46.    In response to Paragraph 46 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

47.    In response to Paragraph 47 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

48.    In response to Paragraph 48 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

49.     In response to Paragraph 49 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Exhibit 1 speaks for itself.

50.     In response to Paragraph 50 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Exhibit 1 speaks for itself.

51.     In response to Paragraph 51 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that Exhibit 1 speaks for itself.

52.     In response to Paragraph 52 of Plaintiff's Complaint, Defendants deny the allegation that "Mullen and Michery had still failed to deliver on the previously contracted benefits" for the reason that said allegation is untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

53.     In response to Paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

54.     In response to Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

55.     In response to Paragraph 55 of Plaintiff's Complaint, Defendants deny Plaintiff's allegations that Mullen failed to comply with various employment agreements for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

56.     In response to Paragraph 56 of Plaintiff's Complaint, Defendants deny that Mullen breached any contract for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

57.     In response to Paragraph 57 of Plaintiff's Complaint, Defendants deny any contractual breaches for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

58.     In response to Paragraph 58 of Plaintiff's Complaint, Defendants deny any contractual breaches for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

59.     In response to Paragraph 59 of Plaintiff's Complaint, Defendants deny any contractual breaches for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

60.     In response to Paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

61.     In response to Paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

62.     In response to Paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

63.     In response to Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

64.     In response to Paragraph 64 of Plaintiff's Complaint, Defendants deny that they constructively discharged Plaintiff for the reason that said allegation is untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Exhibit 1 speaks for itself.

65.     In response to Paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

66.     In response to Paragraph 66 of Plaintiff's Complaint, Defendants deny any allegations of breaches for the reason said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that Exhibit 1 speaks for itself.

<u>**COUNT I**</u>
**Breach of Employment Contract (Third Employment Contract)**
**[Against Mullen Only]**

67.     In response to Paragraph 67 of Plaintiff's Complaint, Defendants incorporate and realleges each and every answer stated in response to Paragraphs 1 through 66 as if fully stated and set forth herein.

68.     In response to Paragraph 68 of Plaintiff's Complaint, Defendant Mullen neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8. Answering further, Defendant Michery neither admits nor denies

the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

69.     In response to Paragraph 69 of Plaintiff's Complaint, Defendant Mullen neither admits nor denies the allegations contained therein for the reason that Exhibit 1 speaks for itself. Answering further, Defendant Michery neither admits nor denies the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

70.     In response to Paragraph 70 of Plaintiff's Complaint, Defendant Mullen denies the allegations contained therein for the reason that said allegations are untrue. Answering further, Defendant Michery neither admits nor denies the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

71.     In response to Paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

72.     In response to Paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

73.     In response to Paragraph 73 of Plaintiff's Complaint, Defendant Mullen denies Plaintiff's claims for contractual damages and that Mullen's termination of Taylor was for a reason other than cause, for the reason that said allegations are untrue. As to the other allegations, Defendant Mullen neither admits nor denies the

allegations contained therein for the reason that Exhibit 1 speaks for itself. Answering further, Defendant Michery neither admits nor denies the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

74.     In response to Paragraph 74 of Plaintiff's Complaint, Defendant Mullen denies Plaintiff's entitlement to any damages, including contractual damages, for the reason that said allegations are untrue. As to the other allegations, Defendant neither admits nor denies the allegations contained therein for the reason that Exhibit 1 speaks for itself. Answering further, Defendant Michery neither admits nor denies the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

75.     In response to Paragraph 75 of Plaintiff's Complaint, Defendant Mullen denies that it breached the employment agreement or that it owes payment to Plaintiff for the reason that said allegations are untrue. Answering further, Defendant Michery neither admits nor denies the allegations for the reason that these allegations are not directed to Defendant Michery but rather Defendant Mullen.

76.     In response to Paragraph 76 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

77.     In response to Paragraph 77 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

78.     In response to Paragraph 78 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

## COUNT II
## Violation of Michigan's Whistleblower Protection Act, M.C.L. §15.362
## [Against Mullen and Michery]

79.     In response to Paragraph 79 of Plaintiff's Complaint, Defendants incorporate and reallege each and every answer stated in response to Paragraphs 1 through 78 as if fully stated and set forth herein.

80.     In response to Paragraph 80 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

81.     In response to Paragraph 81 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

82.     In response to Paragraph 82 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

83.     In response to Paragraph 83 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

84.     In response to Paragraph 84 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

85.     In response to Paragraph 85 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

86.     In response to Paragraph 86 of Plaintiff's Complaint, Defendants deny allegations of violations for the reason that said allegations are untrue. As to the remaining allegations, including what Plaintiff reported to his attorney, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

87.     In response to Paragraph 87 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

88.     In response to Paragraph 88 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

89.     In response to Paragraph 89 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

90.     In response to Paragraph 90 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

91.     In response to Paragraph 91 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

92.     In response to Paragraph 92 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

93.     In response to Paragraph 93 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

<u>**COUNT III**</u>
**Violation of California's Whistleblower Protection Act, Cal. Lab. Code §1102.5**
**[Against Mullen and Michery]**

94.     In response to Paragraph 94 of Plaintiff's Complaint, Defendants incorporate and reallege each and every answer stated in response to Paragraphs 1 through 93 as if fully stated and set forth herein.

95.     In response to Paragraph 95 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

96.     In response to Paragraph 96 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

97.     In response to Paragraph 97 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the Act speaks for itself.

98.     In response to Paragraph 98 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

99.     In response to Paragraph 99 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

100.    In response to Paragraph 100 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

101.    In response to Paragraph 101 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

102.    In response to Paragraph 102 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

103.    In response to Paragraph 103 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

104.    In response to Paragraph 104 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

105.    In response to Paragraph 105 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

106.    In response to Paragraph 106 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

107.    In response to Paragraph 107 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

108.    In response to Paragraph 108 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

109.    In response to Paragraph 109 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

<u>**COUNT IV**</u>
**Violation of California's Labor Code**
**[Against Mullen and Michery]**

110.    In response to Paragraph 110 of Plaintiff's Complaint, Defendants incorporate and reallege each and every answer stated in response to Paragraphs 1 through 109 as if fully stated and set forth herein.

111.    In response to Paragraph 111 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

112.    In response to Paragraph 112 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

113.    In response to Paragraph 113 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the cited Code speaks for itself.

114.   In response to Paragraph 114 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the cited Code speaks for itself.

115.   In response to Paragraph 115 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the cited Code speaks for itself.

116.   In response to Paragraph 116 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

117.   In response to Paragraph 117 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8.

118.   In response to Paragraph 118 of Plaintiff's Complaint, Defendants deny that Plaintiff's allegations that Plaintiff was owed unpaid wages due to Defendants' actions, omissions, and willful violations of the Third Employment Contract for the reason that said allegations are untrue. As to the remaining allegations, Defendants neither admit nor deny the allegations contained therein for the reason that

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiff to his proofs.

119.    In response to Paragraph 119 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

120.    In response to Paragraph 120 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

121.    In response to Paragraph 121 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

122.    In response to Paragraph 122 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

123.    In response to Paragraph 123 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

124.    In response to Paragraph 124 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

125.    In response to Paragraph 125 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

## <u>COUNT V</u>
**Fraudulent Misrepresentation and Fraud in the Inducement**
**[Against Mullen and Michery]**

126.    In response to Paragraph 126 of Plaintiff's Complaint, Defendants incorporate and reallege each and every answer stated in response to Paragraphs 1

through 125 as if fully stated and set forth herein.

127.    In response to Paragraph 127 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

128.    In response to Paragraph 128 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

129.    In response to Paragraph 129 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

130.    In response to Paragraph 130 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

131.    In response to Paragraph 131 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

132.    In response to Paragraph 132 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

133.    In response to Paragraph 133 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

134.    In response to Paragraph 134 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

135.    In response to Paragraph 135 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

136.    In response to Paragraph 136 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

137.    In response to Paragraph 137 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

138.    In response to Paragraph 138 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that said allegations are untrue.

## REQUESTED RELIEF

WHEREFORE, Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc. and David Michery respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendants.

Respectfully submitted,

STARR BUTLER, PLLC

By:    /s/ Joseph A. Starr
       Joseph A. Starr (P47253)
       Mary S. Rabban (P85429)
       Attorneys for Defendants
       20700 Civic Center Dr., Ste. 290
       Southfield, MI  48076
       (248) 554-2700
       jstarr@starrbutler.com
Dated: November 25, 2025    mrabban@starrbutler.com

## LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND

Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc. and David Michery, by and through their attorneys, Starr Butler, PLLC, hereby state their limited reliance upon the jury demand previously made herein and, further hereby demand a jury trial as to all legal claims and defenses at issue in this litigation, with the exception of any and all claims that sound in equity or which in the underlying matter, intrinsically involve issues of law for the trial judge to decide and which, therefore, is properly triable only by the judge assigned to this case.

Respectfully submitted,

STARR BUTLER, PLLC

By:     /s/ Joseph A. Starr
        Joseph A. Starr (P47253)
        Mary S. Rabban (P85429)
        Attorneys for Defendants
        20700 Civic Center Dr., Ste. 290
        Southfield, MI  48076
        (248) 554-2700
        jstarr@starrbutler.com
Dated: November 25, 2025    mrabban@starrbutler.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN TAYLOR, an individual,

      Plaintiff,

                                        Case No. 25-13428
                                        Hon. Terrence G. Berg

v

BOLLINGER INNOVATIONS, INC.
f/k/a MULLEN AUTOMOTIVE, INC.,
a Delaware corporation, and DAVID
MICHERY, an individual,

      Defendants.

| | |
|---|---|
| CRONKHITE COUNSEL PLLC | STARR BUTLER, PLLC |
| R.J. Cronkhite (P78374) | Joseph A. Starr (P47253) |
| Christopher A. Chesney (P80969) | Mary S. Rabban (P85429) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 36800 Woodward Ave., Ste. 310 | 20700 Civic Center Dr., Ste. 290 |
| Bloomfield Hills, MI 48304 | Southfield, MI  48076 |
| (248) 309-8602 | (248) 554-2700 |
| rj@cronkhitelaw.com | jstarr@starrbutler.com |
| chris@cronkhitelaw.com | mrabban@starrbutler.com |

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc. and David Michery ("Defendants") by and through their attorneys, Starr Butler, PLLC, state as follows for their Affirmative Defenses to Plaintiff's Complaint:

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, jurisdictional prerequisites, their failure to exhaust his contractual remedies, and/or failure to exhaust his administrative remedies.

3.      To the extent that any contract existed between the parties, Defendants acted with justification and lawfully at all times, without any malice, and their actions, in whole or in part, were not meant to invade Plaintiff's contractual rights.

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

5.      Plaintiff's claims, in whole or in part, are barred by release, estoppel, payment, latches, and/or waiver.

6.      Plaintiff is estopped due to his own actions, omissions, statements, conduct, and/or misconduct.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or discharge.

8.      Plaintiff's claims are barred by the business judgment rule.

9.      Defendants acted at all times within the bounds of good faith, without malice, with justification, out of necessity, and/or were privileged to so act.

10.     Defendants acted at all times within the bounds of good faith and for legitimate, non-retaliatory business reasons and made employment decisions without regard to any alleged protected activity by Plaintiff.

11.     Plaintiff did not engage in any protected activity.

12.     Plaintiff did not reasonably believe, both objectively and subjectively, that he engaged in protected conduct.

13.     Plaintiff's claims, in whole or in part, are barred because Defendants did not directly or proximately cause any of Plaintiff's alleged injuries.

14.     Plaintiff's claims are barred, in whole or in part, because he did not suffer any harm or damages attributable to Defendants.

15.     Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

16.     Plaintiff has failed to mitigate his damages, the entitlement of which is expressly denied.

17.     Plaintiff's claims and/or alleged damages, in whole or in part, against Defendants are barred because the law does not entitle Plaintiff to the damages and/or relief sought and/or damages are speculative.

18.     Plaintiff's claims for physical, mental, or emotional damages and lost wages, in whole or in part, are barred by the exclusive remedy provisions of the Michigan Workers' Disability Compensation Act, MCL §418.101, et seq.

19.     Plaintiff's claims for damages are barred, in whole or in part, because Defendants are entitled to setoff for any interim earnings and are entitled to any other available setoffs.

20.    Plaintiff's claims, in whole or in part, are barred by the doctrines of repudiation, ratification, rescission, and modification.

21.    Defendants did not make any fraudulent misrepresentations.

22.    Defendants did not intentionally or knowingly make any misrepresentations of material facts.

23.    Any reliance on the purported representations were not justifiable or reasonable.

24.    Plaintiff cannot establish causation.

25.    Plaintiff's claims are barred by the statute of frauds, the parol evidence rule, and/or for want of consideration.

26.    To the extent Defendants owed duties to Plaintiff, Defendants performed such duties in accordance with any legal and/or contractual standard of care.

27.    Plaintiff is unable to establish respondeat superior on the part of Defendants for alleged misrepresentations made by other employees.

28.    Plaintiff's claims fail, in whole or in part, because Plaintiff failed to disclose the alleged suspected unlawful activity to someone who has authority over Plaintiff.

29.    Plaintiff's claims fail, in whole or in part, because Plaintiff failed to disclose the alleged suspected unlawful activity to someone who has authority to

investigate, discover, or correct the alleged unlawful activity, violation, or noncompliance.

30.     Plaintiff's claims fail, in whole or in part, because Plaintiff failed to exhaust all internal administrative remedies available.

31.     Defendants have not willfully failed to pay any compensation and are therefore not liable for penalties.

32.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

33.     Defendants reserve the right to add additional affirmative defenses as may be learned in the course of discovery proceedings or otherwise.

Respectfully submitted,

STARR BUTLER, PLLC

By:     /s/ Joseph A. Starr
        Joseph A. Starr (P47253)
        Mary S. Rabban (P85429)
        Attorneys for Defendants
        20700 Civic Center Dr., Ste. 290
        Southfield, MI  48076
        (248) 554-2700
        jstarr@starrbutler.com
Dated: November 25, 2025    mrabban@starrbutler.com

{00144033.DOCX}                 5

**CERTIFICATE OF SERVICE**

The undersigned says that on November 25, 2025, she has caused to be served a copy of **Defendants' Answer to Plaintiff's Complaint, Limited Reliance upon and Objection to Jury Demand and Affirmative Defenses and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

/s/ Kiersten Plane