UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN TAYLOR**<br><br>Plaintiff,<br><br>v.<br><br>**BOLLINGER INNOVATIONS, INC.**<br>**et al.,**<br><br>Defendants. | **2:25-CV-13428-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO CHANGE VENUE AND DISMISS (ECF NO. 12).** |

Plaintiff John Taylor brings this action against Defendants Bollinger Innovations, Inc., f/k/a Mullen Automotive, Inc. ("Bollinger"), and David Michery, alleging the following counts: (I) Breach of Employment Contract; (II) Violation of Michigan's Whistleblower Protection Act, M.C.L. § 15.362; (III) Violation of California's Labor Code § 1102.5; and (IV) Violation of California's Labor Code § 98.6 ECF No. 1. Defendants have filed a motion to transfer venue and to dismiss two of the counts. ECF No. 8. For the following reasons, the Court **DENIES** Defendants' motion to transfer venue and to dismiss.

## I.    BACKGROUND

### 1.    Factual Background

Defendant Bollinger, a Delaware corporation, is an automotive and electric vehicle manufacturer, with its principal place of business located in Brea, California. ECF No. 1, PageID.3–4. Defendant Michery is

Bollinger's chief executive officer and a member of its board of directors. *Id.* at PageID.3. Defendant Michery resides in Los Angeles, California, and is a citizen of that state. *Id.* at PageID.4.

Plaintiff John Taylor was employed with Defendant from 2022 to 2025 as Vice President of Advanced Manufacturing and Strategic Planning. *Id.* at PageID.3–4. Taylor resides in Oakland County, Michigan. *Id.* at PageID.4.

Plaintiff alleges that "Defendants refused to pay Taylor as contracted under his employment contracts." *Id.* at PageID.3–4. Specifically, Plaintiff alleges that "Defendants' fraudulent misrepresentations induced Taylor to continue his employment, which resulted in Defendants' receipt of millions of dollars through self-dealing stock shares and violations of Taylor's contract." *Id.* at PageID.4.

Plaintiff also alleges that after he reported "violations of Michigan and California employment and wage laws, federal laws, and common law violations to his attorney," Defendants retaliated against him. *Id.*

The parties agree that Plaintiff's employment relationship with Bollinger was governed by an employment agreement that contains a California choice-of-law provision. ECF No. 12, PageID.112; ECF No. 15, PageID.171.

## 2.    Procedural Background

Plaintiff brought suit on October 28, 2025, in the Eastern District of Michigan, alleging the following counts: (I) Breach of Employment

Contract; (II) Violation of Michigan's Whistleblower Protection Act, M.C.L. § 15.362; (III) Violation of California's Whistleblower Protection Act, Cal. Lab. Code § 1102.5; and (IV) Violation of California's Labor Code. *Id.* at PageID.11–19.

On December 18, 2025, Defendants filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 12.

Plaintiff responded on January 8, 2026, ECF No. 15, and Defendants replied on January 22, 2026, ECF No. 16.

## II.   STANDARD OF REVIEW

### 1.   Transfer of Venue Under 28 U.S.C. § 1404(a)

Section 1404(a) to Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Court may transfer the matter when "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Gerber v. Blau*, No. 20-12118, 2025 WL 845177, at *4 (E.D. Mich. Mar. 18, 2025) (Hood, J.) (citing *Kepler v. ITT Sheraton Corp.*, 860

3

F. Supp. 393, 398 (E.D. Mich. 1994) (Gadola, J.)). In analyzing the second and third criteria, courts consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Stenberg v. Groff*, No. 24-13112, 2026 WL 469361, at \*3 (E.D. Mich. Jan. 15, 2026) (Altman, J) (citing *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich 2000) (Gadola, J.)), *adopted*, No. 24-13112, 2026 WL 465124 (E.D. Mich. Feb. 18, 2026) (Michelson, J.).

It is the defendant's "burden to demonstrate, by a preponderance of the evidence, that a change of venue to the transferee district is warranted under § 1404(a)." *Zalewski v. Scovil Hanna Corp.*, No. 21-12834, 2022 WL 3447590, at \*1 (E.D. Mich. Aug. 17, 2022) (Berg, J.). "Merely shifting the inconvenience from one party to another does not meet the defendant's burden. If the court determines that the balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice should prevail." *Id.* (cleaned up).

4

### 2.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id.* at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56; *see also Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the

defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

### III. MOTION TO TRANSFER VENUE

In their motion to transfer venue, Defendants "request that this Court transfer venue to the *Northern District of California* for the convenience of the witnesses." ECF No. 12, PageID.110 (emphasis added). Defendants argue that "[a]ll of the relevant witnesses employed by Defendants involved in Plaintiff's employment, including up to the separation of Plaintiff's employment, reside in *Northern California*. The costs that Defendants will incur to participate should this matter proceed in the subject venue will impact and disrupt Defendant's business." *Id.* at PageID.110–11 (emphasis added).

> In his response, Plaintiff states that
>
> the Northern District of California[] has no discernable connection to any of the events giving rise to this action or any of the parties or witnesses because Bollinger is headquartered hundreds of miles south of the Northern District of California in the city of Brea, which is in Orange County and, therefore, in the Central District of California.

ECF No. 15, PageID.170.

Defendants "concede this point and acknowledge that this inconsequential error reflects a minor misunderstanding by Defendants' counsel." ECF No. 16, PageID.184. However, "Defendants' argument remains the same: this matter could (and should) have been filed in a California District Court, and the factors weigh in favor of transfer." *Id.*

Accordingly, the Court will construe Defendants' motion as seeking transfer to the Central District of California rather than the Northern District of California. References in Defendants' motion to the Northern District of California will therefore be construed as references to the Central District of California. The Court does not agree, however, that this is a minor misunderstanding or inconsequential error. In a case where the argument hinges on the geographical location of a party, that location should be correctly identified. But the error will not prejudice Defendants.

### 1. Whether the Case Could Have Brought in the Central District of California

First, the Court examines whether "the action could have been brought in the transferee district court." *Gerber*, 2025 WL 845177, at *4.

Defendants assert, without elaboration, that "Plaintiff's Complaint could … have been filed in the [Central] District of California." ECF No. 12, PageID.113. Plaintiff appears not to contest this assertion.

A civil action may be brought "in a judicial district in which any defendant resides, if all defendants are residents of the State in which

7

the district is located." 28 U.S.C. § 1391(b). Here, both Defendants reside in the Central District of California and are citizens of California. *See* 28 U.S.C. § 1391(c); ECF No. 1, PageID.4 (Bollinger's "principal place of business [is] located in Brea, California and [Bollinger] is a citizen of the state of California" and "Michery is an individual residing in Los Angeles County, California and is a citizen of the state of California").

Thus, it is correct that this action could have been filed in the Central District of California.

### 2. Convenience to the Witnesses

"The convenience of witnesses, particularly nonparty witnesses important to the resolution of the case, is often cited as the most significant factor in ruling on a motion to transfer under 28 U.S.C.A. § 1404(a)." 15 C.A. Wright, A .R. Miller & E.H. Cooper, *Fed. Prac. & Proc.* § 3851 (4th ed.); *Residential Fin. Corp. v. Jacobs*, No. 13-1167, 2014 WL 1233089, at \*4 (S.D. Ohio Mar. 25, 2014). The focus of this factor is "qualitative, not quantitative" and "one important or material witness may outweigh a great number of less important witnesses." 15 C.A. Wright, A .R. Miller & E.H. Cooper, *Fed. Prac. & Proc.* § 3851 (4th ed.).

As relevant here, courts in this Circuit "have consistently held that the convenience of witnesses who are a party's employees will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses." *CCFI Companies, LLC v. Spicher*, No. 24-220, 2024

WL 5077766, at *3 (S.D. Ohio Dec. 11, 2024) (cleaned up) (collecting cases); 15 C.A. Wright, A .R. Miller & E.H. Cooper, *Fed. Prac. & Proc.* § 3851 (4th ed.) ("[T]he convenience of witnesses who are employees of a party is entitled to less weight because that party can obtain their presence at trial.").

Defendants argue that "[a]ll Bollinger employees who have knowledge of, and were involved in, decisions related to Plaintiff's employment are located in California." ECF No. 12, PageID.115. Defendants further argue that "[t]hese individuals can testify to the facts surrounding Plaintiff's employment contract with Bollinger, Plaintiff's employment with Bollinger, and the facts that led to the separation of Plaintiff's employment with Bollinger." *Id.*

In support of their motion, Defendants submit an affidavit of Makayla Brown, Director of Operations/Executive Assistance to the Chief Executive Officer of Bollinger. ECF No. 12-4, PageID.156. In that affidavit, Brown attests that four individuals with direct knowledge of the facts related to Plaintiff's employment with Bollinger—Defendant Michery; Sandra Boyer, Bollinger's VP of Human Resources; Jillian Green, Bollinger's SVP of Business and Legal Affairs; and Brown—are all citizens in the state of California. *Id.* at PageID.157.

On the other hand, Plaintiff resides in the Eastern District of Michigan. ECF No. 1, PageID.4.

This factor does not weigh in favor of transfer of venue to the Central District of California because, although four witnesses reside in California, they are all employees of Bollinger, and as such the convenience of such witnesses is given less weight. On the other hand, Taylor—the witness whose testimony is likely to be the most important— resides in Oakland County, Michigan. ECF No. 1, PageID.4.

### 3.      Location of Relevant Documents

The parties agree that "the location of relevant documents should not impact this Court's analysis on venue." ECF No. 12, PageID.115; *see* ECF No. 15, PageID.174. Accordingly, this factor is neutral on the question of transfer.

### 4.      Convenience to the Parties

"Convenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Truesdell v. Link Snacks, Inc.*, No. 14-00551, 2015 WL 5447799, at *2 (W.D. Ky. Sept. 16, 2015).

Courts usually refuse transfer "if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." 15 C.A. Wright, A .R. Miller & E.H. Cooper, *Fed. Prac. & Proc.* § 3851 (4th ed.); *Truesdell*, 2015 WL 5447799, at *2; *Janosky v. United Surgical Partners Int'l, Inc.*, No. 25-68, 2025 WL 3022319, at *7 (E.D. Ky. Oct. 29, 2025) ("courts do not allow transfer of a case in a situation where it would shift the inconvenience from the defendant to the plaintiff" (citation omitted)). Accordingly, where "[d]efendants have failed to show that

10

litigating in [plaintiff's chosen forum] would be more inconvenient for them than litigating in [defendant's chosen forum] would be for [plaintiff] … this factor … does not support transfer." *Zarick v. Docverify, Inc.*, No. 21-97, 2022 WL 301686, at *5 (W.D. Ky. Feb. 1, 2022).

Defendants state that "[t]he inconvenience that Defendants, and their witnesses, will be subject to if this matter is not transferred greatly outweighs any convenience Plaintiff enjoys at the present venue." ECF No. 12, PageID.115. Defendants provide no justification for this claim. Accordingly, Defendants have not shown that litigating in the Eastern District of Michigan would be more inconvenient for them than litigating in the Central District of California would be for Plaintiff.

Thus, this factor weighs against transfer of venue to the Central District of California.

### 5.    Locus of Operative Facts

The parties agree that "an analysis of the locus of the operative facts is also neutral." ECF No. 12, PageID.116; *see* ECF No. 15, PageID.174. Accordingly, this factor weighs neither for nor against transfer.

### 6.    The Availability of Process to Compel the Attendance of Unwilling Witnesses

Next, "[t]he Court … considers its ability to compel unwilling witnesses to attend court in each forum." *Conrad v. Transit Auth. of N. Kentucky*, No. 19-23, 2019 WL 6829952, at *5 (E.D. Ky. Dec. 13, 2019).

11

"Party witnesses, including a defendant company's employees, are presumed willing to testify in any forum despite inconvenience." *Zarick*, 2022 WL 301686, at *3. Additionally, "normally a corporation is able to make its employees available to testify when needed." *B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 945 (W.D. Tenn. 2013) (citation omitted).

> Defendants argue that while they
>
> are unaware of any unwilling witnesses … Defendants expect they will face greater difficulties compelling their witnesses to participate should this matter proceed in the subject venue. As noted, the Bollinger employees involved in the decisions related to Plaintiff's employment, including the executive team, are all located in California. This amounts to multiple California witnesses that Defendants would need to compel the attendance and participation of.

ECF No. 12, PageID.116.

Defendants concede that there is no indication of any unwilling witnesses. Further, Defendants provide no evidence that Bollinger is unable "to make its employees available to testify," *B.E. Tech., LLC*, 957 F. Supp. 2d at 945. Thus, it appears that Bollinger's employees will be able to attend. *Id.* ("Accordingly, it appears that Groupon's employees will be able to attend absent any evidence to the contrary.").

For these reasons, this factor weighs neither for nor against transfer. *See Barrette Outdoor Living, Inc. v. Vi-Chem Corp.*, No. 13 -289, 2014 WL 3579297, at *6 (E.D. Tenn. July 21, 2014) (finding that because

12

defendant has not made any showing that any corporate witnesses or employees would be unwilling to testify if asked, defendant did not meet its burden concerning this factor).

### 7.   The Relative Means of the Parties

Next, "[w]here a disparity exists between the parties, the relative means of the parties may be considered." *Tanyike v. United States*, 603 F. Supp. 3d 572, 583 (S.D. Ohio 2022).

Defendants argue that the relative means of the parties favors transfer because of the costs associated with litigation, such as travel and lodging and the "costs associated with an interruption to their business due to participation in the subject suit." ECF No. 12, PageID.117.

The Court disagrees.

"[A]s a matter of common sense," courts have recognized "that an individual party may have less means to litigate than a company party." *McDorman v. D&G Props.*, No. 18-36, 2018 WL 6133167, at *6 (W.D. Ky. Nov. 21, 2018). Thus, even when a corporate party may expect greater litigation expenses, courts have found that "this does not counteract their greater means." *Speedshape, Inc. v. Meechan*, No. 11-14670, 2012 WL 1672979, at *4 (E.D. Mich. May 14, 2012) (Tarnow, J.).

The same is true here. Defendants have not demonstrated that the anticipated costs of litigating in this District outweigh the disparity in resources between Plaintiff and the corporate Defendant.

Thus, this factor weighs against transfer of venue to the Central District of California.

### 8.      This Forum's Familiarity with the Governing Law

Defendants note that the employment agreement that is the basis of Plaintiff's claims "includes a choice-of-law provision, which provides for the application of California law." ECF No. 12, PageID.118. Thus, "the Agreement is controlled by California law, and a California court is best equipped to apply and interpret California law, this matter should be transferred." *Id.*

The Court agrees.

In *Speedshape, Inc.*, on a parallel set of facts—involving a contract central to the case which contained a "choice-of-law provision which provides for the application of California law to disputes concerning the contract"—the court found that "[i]t is undisputed that the California courts have more familiarity with California contract law" and found that the factor favored a transfer of venue." 2012 WL 1672979, at *4.

While Plaintiff argues "it is common for federal courts to apply the substantive law of states other than those in which they sit," ECF No. 15, PageID.175, Plaintiff does not challenge the proposition that California claims have *more* familiarity with California contract law.

The Court finds that this factor weighs in favor of a transfer of venue.

### 9. The Weight Accorded the Plaintiff's Choice of Forum

While this factor is not dispositive, "[g]enerally, courts give great weight to the Plaintiff's choice of forum." *McDorman,* 2018 WL 6133167, at *7. Plaintiff's choice is given more weight when, as here, it is the plaintiff's residence. *See Mcintosh v. E-backgroundchecks.com, Inc.*, No. 12-310, 2013 WL 954281, at *2 (E.D. Ky. Mar. 11, 2013).

Defendants argue that the "prejudice" they face "outweighs the weight accorded to Plaintiff's choice of forum." ECF No. 12, PageID.118–19. Defendants, however, provide no explanation as to how they will be prejudiced if this case continues in the Eastern District of Michigan. Under such circumstances, the Plaintiff's choice of forum outweighs the alleged prejudice.

Thus, this factor weighs against transfer of venue to the Central District of California.

### 10. Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances

"The court generally assesses this factor using 'a totality of the circumstances.'" *Speedshape, Inc.*, 2012 WL 1672979, at *4. Thus, along the other eight factors, under this factor, courts consider "evidence of docket congestion and possible speed of resolution" as well as "the public's interest in having a local controversy adjudicated locally." *Janosky*, No. 25-68, 2025 WL 3022319, at *11 (E.D. Ky. Oct. 29, 2025).

15

Defendants argue that "a California court is better equipped to apply and interpret the agreed upon controlling California law" and therefore "transfer of venue is proper." ECF No. 12, PageID.118.

The parties have presented no evidence of docket congestion in either venue or whether either venue will resolve the case more speedily. While a California court may be better equipped to interpret controlling California law, there is no indication that the issues that will be raised by this litigation will be especially complex.

At the same time, the other eight factors weigh strongly against a transfer of venue.

Only one factor—this forum's familiarity with the governing law—weighs in favor of transfer. But this factor, as Plaintiff points out, "is one of the least important factors in determining a motion to transfer." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004).

On the other hand, three factors—convenience to the parties; convenience to the witnesses; the weight accorded the Plaintiff's choice of forum—weigh against transfer.

The remaining factors weighed neutrally.

Considering these factors, and based on the totality of the circumstances, the Defendants have not met their burden of proving that this case should be transferred to the Central District of California. Accordingly, the Court exercises its broad discretion under 28 U.S.C.

16

§ 1404 and **DENIES** Defendants' motion to transfer the case to the Central District of California (ECF No. 12).

## IV.   MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claims for violations of the California Labor Code. ECF No. 12, PageID.119. Defendants argue that "Plaintiff's claims seek to benefit from California statute, while not being a California resident or California employee." *Id.* at PageID.121. Thus, Defendants argue, "Plaintiff requests that this Court apply California Labor Code extraterritorially to his employment within the State of Michigan, in violation of the Commerce Clause." *Id.* at PageID.120.

In response, Plaintiff argues that his claims do not seek an extraterritorial application of the California Labor Code because the conduct giving rise to liability occurred in California. ECF No. 15, PageID.176–80.

In their reply, Defendants recognize that if the alleged conduct giving rise to liability occurred in California, Plaintiff's claims would not seek an extraterritorial application of the California Labor Code. ECF No. 16, PageID.185–87. However, Defendants appear to argue that the alleged conduct giving rise to liability did not occur in California. *Id.* at PageID.186.

The Court agrees with Plaintiff.

As both parties recognize, "there is a presumption against extraterritorial application for" California Labor Code § 98.6 and

§ 1102.5. *Wilson v. Wavestream Coporation*, No. 24-00061, 2024 WL 3914475, at *3 (C.D. Cal. May 13, 2024). Thus, the Court "must consider whether the proposed application of the law would cause it to operate impermissibly with respect to occurrences outside the state. In other words, courts consider whether the *conduct* that gave rise to liability occurred in California." *Id.*

Plaintiff's third count alleges a violation of California Labor Code § 1102.5. ECF No. 1, PageID.14. California Labor Code § 1102.5 prohibits retaliation against employees for disclosing information

> to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b). Plaintiff alleges that "Defendants … took adverse action and retaliated against Plaintiff because of his protected conduct by reducing or eliminating his authority and responsibilities, constructively terminating and discharging Taylor, and refusing to honor the obligations under the *Third Employment Contract*." ECF No. 1, PageID.15.

18

Plaintiff's fourth count alleges a violation of California Labor Code § 98.6. ECF No. 1, PageID.15–16. California Labor Code § 98.6 prohibits retaliation against any employee "because the employee … engaged in any conduct delineated in this chapter." Cal. Lab. Code § 98.6(a). Plaintiff alleges that "[a]fter the complaints were made, Defendants took adverse actions against Taylor by reducing or eliminating his authority and responsibilities, constructively terminating and discharging Taylor, and refusing to honor the obligations under the *Third Employment Contract*." ECF No. 1, PageID.17.

Further, Plaintiff alleges that Defendant Bollinger and Defendant Michery are residents of California and citizens of the state of California. *Id.* at PageID.4.

Construed in the light most favorable to the Plaintiff, the complaint therefore alleges that the *conduct* that gave rise to liability—employment decisions relating to Plaintiff's employment—occurred in California.

Any lack of clarity in Plaintiff's complaint is resolved by the affidavit of Makayla Brown, annexed to Defendants' motion. ECF No. 12-4. Brown attests that "Decision-making that led to the separation of Taylor's employment with Bollinger occurred in the State of California between Bollinger's executive team." and that "Every member of Bollinger's executive team is a resident of California." *Id.* at PageID.157. In fact, in Defendant's reply brief, Defendant acknowledges that

19

"decision-making related to the hiring of Plaintiff … occurred in California." ECF No. 16, PageID.187.[1]

Thus, the alleged conduct giving rise to liability occurred in California. Therefore, Counts III and IV do not seek an extraterritorial application of the California Labor Code.

This conclusion is in line with how other district courts have assessed similar circumstances. For instance, in *Wilson*, the district court found that where the defendant's "headquarters and human resources personnel are located" in California and where plaintiff pled that employment decisions were made in the defendant's human resources department, located in California, "the conduct giving rise to liability occurred in California." 2024 WL 3914475, at *3. Thus, "the application of sections 1102.5 and 98.6 are not extraterritorial." *Id.*

In reply, Defendants argue that "[t]he claimed 'wrongdoing' that Plaintiff relies upon for Counts III and IV of his Complaint is the alleged failure to pay Plaintiff's wages in accordance with the Third Employment Contract." ECF No. 16, PageID.186. Defendants also argue that "[u]nlike

---

[1] The Court may consider these statements contained in Brown's affidavit at the motion to dismiss stage. *See AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 942 (W.D. Tenn. 2010) ("The appropriate subjects of judicial notice in ruling on motions to dismiss are facts that are not subject to reasonable dispute. Thus, when the party moving to dismiss a cause of action makes relevant admissions that appear in the case record, the Court may consider those admissions in deciding whether to grant the motion to dismiss.").

Wilson, Plaintiff does not assert any misconduct by Defendants in the State of California." *Id.* at PageID.187.

Both of these statements are plainly incorrect. The alleged conduct giving rise to liability under Counts III and IV are the employment decisions relating to Plaintiff's employment. By Defendants own admission, those occurred in California.

Accordingly, the Court finds that Counts III and IV of Plaintiff's complaint do not seek an extraterritorial application of the California Labor Code. Thus, the Court **DENIES** Defendants' motion to dismiss (ECF No. 12).

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to transfer venue and to dismiss (ECF No. 12).

**SO ORDERED.**

Dated: June 23, 2026          s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

21